523 A.2d 624

**BALTIMORE COUNTY, Maryland, et al.**

**v.**

**DeCHIARO LIMITED PARTNERSHIP, et al.**

**No. 898, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

April 9, 1987.

Michael J. Moran, Asst. County Atty., Towson (Malcolm F. Spicer, Jr., County Atty., Towson, on the brief), for appellants.

S. Leonard Rottman, Baltimore (Tabor & Rottman, P.A., Baltimore, on the brief), for appellees.

Argued before ROSALYN B. BELL, WENNER and POLLITT, JJ.

WENNER, Judge.

Appellants, Baltimore County, Maryland, and the Director of the Office of Finance of Baltimore County, Maryland, filed suit in the Circuit Court for Baltimore County to recover unpaid real estate transfer taxes from appellees, DeChiaro Limited Partnership, Lawrence R. Rachuba, Anthony P. Rubino, and Ralph DeChiaro Enterprises, Inc. The trial court ruled in favor of the appellees on the ground that the transfer in question was not a taxable event under the applicable county ordinances. The sole question on appeal is whether that ruling was erroneous. We think it was and shall reverse.

In his ruling, the trial judge aptly noted that without the agreed statement of facts filed in this case it would be difficult to follow the "convoluted transaction involved." The pertinent facts according to that statement are as follows.

In August of 1960 Ralph DeChiaro Enterprises, Inc. (Enterprises), was formed to engage in the business of real estate development. The sole stockholder of Enterprises was Ralph DeChiaro. In 1963 DeChiaro created the 1963

Trust for the benefit of his daughters and transferred all of his stock in Enterprises to the 1963 Trust. In 1972 DeChiaro created the 1972 Trust, also for the benefit of his daughters. The 1972 Trust owned a voting debenture issued by Enterprises.

In November of 1975 Ralph DeChiaro Enterprises B., Inc., (Enterprises B) was formed. The stockholders were Enterprises and Anthony Rubino. Enterprises and Enterprises B owned real estate in Baltimore County valued at nearly $16 million, the transfer of which is the subject of this litigation.

In 1984 DeChiaro Limited Partnership (the Limited Partnership) was formed. Since its formation, the Limited Partnership has been engaged in real estate development. The general partners are the 1972 Trust and Rubino. The limited partner is the 1963 Trust. The partners organized the Limited Partnership by contributing as capital their interest in Enterprises and Enterprises B.

After the Limited Partnership was formed, Enterprises B liquidated into Enterprises and Enterprises liquidated into the Limited Partnership. The liquidation of Enterprises B into Enterprises was accomplished by Articles of Merger. The liquidation of Enterprises into the Limited Partnership was accomplished by Articles of Transfer. The Articles of Transfer were filed with the State Department of Assessments and Taxation, and a Confirmatory Deed from Enterprises to the Limited Partnership was recorded among the Land Records of Baltimore County. There was no monetary consideration for these transactions.

The event which prompted the appellants to bring the suit which spawned this appeal was the transfer of the Baltimore County real estate owned by Enterprises and Enterprises B from Enterprises to the Limited Partnership upon the liquidation of Enterprises. Appellants contend that the transfer is subject to the property transfer tax imposed by the Baltimore County Code, Title 11, Art. IX, § 11–74(a)

(1978, 1984 Cum.Supp.). Section 11–74(a) of the County Code provides that:

> ... a special tax is hereby levied and imposed upon the transfer of any estate or inheritance or freehold, or any declaration or limitation of use, or any estate above seven (7) years, in the county, at the rate of one and six-tenths (1.6) per cent of the value of the property transferred.

Section 11–73 of the County Code defines a "transfer" as "... the act of the parties, or of the law, by which the title to any estate or inheritance or freehold, or any declaration or limitation of use, or any estate above seven (7) years, is conveyed from one person to another."

■ In light of those two provisions of the County Code, we have no difficulty in holding that the transfer in the case *sub judice* was subject to transfer tax liability. The transfer upon the liquidation of Enterprises into the Limited Partnership is one within the definition of "transfer" contained in § 11–73 and is therefore a taxable event under § 11–74(a).

However that may be, the trial court did not stop there in its analysis. It went a step further and considered § 11–74(b) which provides that "[e]xcept as provided in section 11–85(j), the transfer tax shall apply to transfers of a corporation's real property to its shareholders on the liquidation, dissolution or termination of that corporation...." We do not think § 11–74(b) is applicable to the transfer in this case because the transferee, the Limited Partnership, was not a shareholder of Enterprises, the liquidating corporation. The court then examined the provisions of § 11–85(j) which exempt certain transfers from the tax imposed by § 11–74(b). Because it found that the transfer fit within those exemptions, it held that the transfer was not a taxable event. We conclude that in so holding the lower court erred.

Section 11–85(j) provides for three exemptions from the transfer tax imposed by § 11–74(b):

(j) The transactions described in section 11–74(b) shall not be taxed to the extent that:

(1) Property is conveyed to a person who was an original shareholder or partner of the entity involved;

(2) Property is conveyed to a direct descendant or relative within two (2) degrees of a person who was an original shareholder or partner of the entity involved; or

(3) Property is conveyed to a person who acquired the status of shareholder or partner by gift or devise from an original shareholder or partner of the entity involved.

It is clear from a reading of the ordinance that if the Limited Partnership is the transferee, the transfer is not exempt. The Limited Partnership was not an original shareholder of Enterprises, it is not a direct descendant of an original shareholder, nor was it a shareholder by gift or devise from an original shareholder. The trial judge, however, viewed the transfer as a conveyance, not to the Limited Partnership as an entity, but to its partners—the 1972 Trust and Rubino as general partners, and the 1963 Trust as the limited partner. Appellees urge us to adopt that view. We decline to do so.

In the first place, we do not agree that the Limited Partnership should be viewed as the aggregate of its individual partners. A limited partnership is a "creature of statute" designed to "permit a form of business enterprise, other than a corporation, in which persons could invest money without becoming liable as general partners for all debts of the partnership." *Klein v. Weiss*, 284 Md. 36, 50–51, 395 A.2d 126 (1978). Its formation and structure must accord with the statutory requirements of the Limited Partnership Act, Md.Corps & Ass'ns Code Ann. § 10–101 *et seq.* (1985 Repl.Vol.). *See* 284 Md. at 53, 395 A.2d 126. In essence, a limited partnership is much more than a private, informal coming together of its partners.

We feel that it would be inconsistent with the principles of law regarding partnership property to view the transfer as a conveyance to the individual partners. The property is titled in the name of the Limited Partnership and is held for

partnership purposes.[1] It is clearly partnership property. *See* Md.Corps & Ass'ns Code Ann. § 9–202 (1985 Repl. Vol.).[2] Inasmuch as "every incident and right of ownership, possession, enjoyment and disposition is in the [partnership]," any legal title with which the individual partners were vested upon the transfer is nothing more than "an empty technicality carrying with it no rights or substance." *Vlamis v. DeWeese,* 216 Md. 384, 394, 140 A.2d 665 (1958) (quoting 2 *American Law of Property,* Sec. 6.9 at 44). What the partners do own is an *interest* in the partnership which reflects the partnership property. It is that interest which may be treated as individual property. *See Id.* Thus, it would be incongruous to hold that the transfer in this case was, in reality, a transfer to the individual partners.

In the second place, even if we were to view the Limited Partnership as the aggregate of its partners, it would not help the appellees because the transfer would still not fit within the exemption provisions. The trial judge found that the general partners, the 1972 Trust and Rubino, and the limited partner, the 1963 Trust, were either original shareholders of the liquidating corporation within the meaning of § 11–85(j)(1) or shareholders by gift from an original shareholder within the meaning of § 11–85(j)(3), and on that basis found the transfer to them exempt from taxation. The flaw in his logic is that the 1972 Trust was not a shareholder, it was a debenture holder. Thus, any transfer to it would not fit into either of those two exemptions.

Appellees seem to sense this flaw in the lower court's ruling, because they argue on appeal that the transfer to the 1972 Trust should be exempt under § 11–85(j)(2) as a

---

**1.** As we have noted, the real estate involved is valued at nearly $16 million. It was originally owned by a corporation in the business of real estate development and transferred to a limited partnership formed for the purpose of real estate development.

**2.** The provisions of Title 9 of the Corporations and Associations Article respecting general partnerships are applicable to limited partnerships. Md.Corps & Assn's Code Ann. § 10–108 (1985 Repl.Vol.).

conveyance to "relative[s] within two (2) degrees of a person who was an original stockholder...." They contend that the relatives are DeChiaro's daughters, for whose benefit the 1972 Trust was created. In order to reach that result we would have to dissect an entity—an express trust, in order to make the transfer fit within that exemption.

■ We are here dealing with a statute that provides for tax exemptions, which must be strictly construed in favor of the taxing authority. *Supervisor of Assessments of Baltimore County v. Trustees of Bosley Methodist Church Graveyard*, 293 Md. 208, 212, 443 A.2d 91 (1982); *Ballard v. Supervisor of Assessments of Baltimore County*, 269 Md. 397, 403, 306 A.2d 506 (1973). Accordingly, we are not inclined to treat the transfer which occurred here in such a way as to render it tax exempt. We doubt that this was a transfer contemplated by the exemption statute, and "[t]o doubt an exemption is to deny it." *Ballard, supra*, 269 Md. at 403, 306 A.2d 506 (quoting *Suburban, etc., Gas Corp. v. Tawes*, 205 Md. 83, 87, 106 A.2d 119 (1954)).

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEES.